## MARTINDALE v
## BARLOW MOTOR CAR CO

Ohio Appeals, 2nd Dist, Montgomery Co.

No 1407.   Decided Dec 30, 1936

Kelly, Knee & Wick, Dayton, for appellant.

Scharrer, Scharrer, McCarthy & Hanaghan, Dayton, for appellee.

### OPINION

By CRAIG, PJ.

This action was commenced in the Municipal Court of Dayton by Leroy F. Martindale as plaintiff against the Barlow Motor Car Company as defendant. The parties will be referred to as they appeared in that court.

Plaintiff's statement of claim contained two causes of action, one of which was abandoned and will not be considered. In the other plaintiff alleges that for a number of years prior to 1933 he had been in the automobile, tire and accessory business in Dayton and had built up a large following and patronage in said business; that on or about May 21, 1933 he entered into an oral agreement with the defendant by the terms of which he was employed to take charge of and manage defendant's automobile, tire and accessory business at a salary of $30.00 per week plus 50% of the gross profits on sales of tires and accessories; that he entered upon said employment on or about May 24, 1933 and continued therein until it was terminated by defendant on or about November 1933; that defendant paid him $30.00 per week and failed to pay him any portion of the gross profits although he made several requests therefor which were not acted upon. Plaintiff claims that at the time of his discharge, the gross profits on sales of tires and accessories during the period of employment was in excess of $1400.00 and claims that there is due and owing him $700.00.

To this statement of claim the defendant filed an answer admitting that prior to 1933 defendant had been in the automobile, tire and accessory business in Dayton, but denied that plaintiff had a following and patronage in said business; that on May 21, 1933 defendant employed plaintiff at a salary of $30.00 per week but denies that plaintiff was to receive 50% of the gross profits on the sales of tires and accessories and it is admitted further that defendant terminated plaintiff's employment November 1933. Then follows a denial of the remaining allegations in the cause of action.

The cause on the issues joined was tried to the court without a jury. The court sitting as a jury found from the evidence that an agreement was entered into on or about May 21, 1933 between the parties whereby defendant agreed to pay plaintiff a salary of $30.00 per week and in addition 50% of the gross profits of defendant's tire and accessory business in return for plaintiff's services and that plaintiff entered upon said employment and received until discharged $30.00 per week for his services. The finding of facts is extensive and we have set forth herein only the vital parts thereof.   The Municipal Court entered judgment for plaintiff against the defendant for $700.00 and costs of suit as prayed for.   The defendant prosecuted error to the Common Pleas Court of Montgomery County which found error in the judgment of the Municipal Court in that upon the testimony adduced the judgment of the Municipal Court should have been for the defendant and a new trial was ordered.

To this judgment of the Common Pleas Court, plaintiff prosecutes appeal to this court on questions of law.

We have examined the testimony in this case with care and while we might not have found the facts to be as did the trial court, we are unable to say that there is not sufficient proof to sustain his conclusions. The decision of the Common Pleas Court is not before us, but it appears from the entry of reversal in that court that the judgment of the Municipal Court was reversed for having been against the manifest weight of the evidence.

There was a direct conflict in the testimony in the trial court. There is no evidence of any written agreement between the parties. Plaintiff testified that the arrangement was that he was to be paid a certain sum per week plus a portion of the gross profits. The defendant's agent testified that plaintiff was to be paid an agreed weekly salary plus a portion of the profits but that it was not to be on the basis of gross profits. Both parties presented collateral circumstances to support their respective contentions. The trial court sitting as a jury may well have found on the facts for the defendant but it did not do so.

The proceeding from the Municipal Court to the Common Pleas Court was on error and was not such as to provide for a hearing de novo. Thus the function of the reviewing court was more limited than if the case had been tried anew.

2 O. Jur., 745:

"In other words the reviewing court must draw the line between trying the facts and determining credibility, and passing upon the record as a matter of law, and remember that the criterion which must govern it in weighing the evidence is not what it would do if it stood in the place of the jury and were considering the matter in the first instance, but whether it is prepared to say that the verdict as rendered is manifestly and clearly against the weight of the evidence."

Counsel for defendant in his brief on page 4 says:

"This case resolves itself into the one question, whether this court believes the testimony of the appellant in the lower court or believes the testimony of the appellee in the lower court. Surely it can not be said that the testimony of one prepon-

derates over the other, in view of the record in this case."

This is a misconception. The question is whether or not there was sufficient evidence to justify the finding of the trial court sitting as a jury.

2 O. Jur., 755:

"The reviewing court must be fully and clearly satisfied from an examination of all the evidence and of the whole record, that the judgment is in fact unsupported by, or against the manifest weight of the evidence. And the court will not be thus satisfied unless there projects from the record some fact or circumstance indicating that the jury lost its way and went in the wrong direction in reaching its verdict resulting in error and injustice shocking to the senses and to the conscience of the court, and clearly showing that the jury misapprehended the facts or were influenced by sympathy, bias, prejudice, wilful disregard of duty, perversity, corruption or other improper motives."

Upon an examination of all the testimony in this case, we can not say that the action of the trial court should be set aside when measured by this test.

The judgment of the Common Pleas Court will be reversed and that of the Municipal Court affirmed.

BARNES and HORNBECK, JJ, concur.